# Exhibit 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| CARL PALAZZOLO and ALBERT FERRANDI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FIAT CHRYSLER AUTOMOBILES N.V., SERGIO MARCHIONNE, RICHARD K. PALMER, and REID BIGLAND,<br><br>Defendants. | Case No. 4:16-cv-12803-LVP-SDD<br><br>Hon. Linda V. Parker |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement dated January 31, 2019 ("Stipulation"), is entered into by and among (i) Court-appointed Lead Plaintiffs Carl Palazzolo and Albert Ferrandi ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below in ¶ 1(mm)), and (ii) Defendants Fiat Chrysler Automobiles N.V. ("FCA" or the "Company"), Richard K. Palmer ("Palmer") and Reid Bigland ("Bigland") (collectively with FCA and Palmer, the "Signatory Defendants"), by and through their respective counsel, and embodies the terms and conditions of the settlement of the above-captioned action ("Action").[1]

[1] All terms with initial capitalization not otherwise defined in this paragraph shall have the meanings ascribed to them in ¶ 1 herein.

Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve and dismiss with prejudice the Action and all Released Plaintiffs' Claims (defined below) against the Defendants' Releasees (defined below).

WHEREAS:

A. On July 29, 2016, a putative securities class action complaint captioned *Samaras v. Fiat Chrysler Automobiles N.V., et al.*, Case No. 4:16-cv-12803-LVP-SDD, was filed in the United States District Court for the Eastern District of Michigan ("Court"). In accordance with the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended (the "PSLRA"), notice was issued stating the deadline by which putative class members could move the Court for appointment as lead plaintiff.

B. By Order dated January 18, 2017, the Court appointed Carl Palazzolo and Albert Ferrandi as lead plaintiffs and Kessler Topaz Meltzer & Check, LLP and The Miller Law Firm, P.C. as lead counsel.

C. On March 17, 2017, Lead Plaintiffs filed the operative complaint in the Action: the Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Consolidated Complaint"). The Consolidated Complaint asserted claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder,

against FCA, Palmer, Bigland and Sergio Marchionne ("Marchionne"; collectively, "Defendants").

D. On May 16, 2017, Defendants moved to dismiss the Consolidated Complaint. By Opinion and Order dated December 14, 2017, the Court denied Defendants' motion to dismiss the Consolidated Complaint in its entirety.

E. Defendants filed their Answer to the Consolidated Complaint on January 30, 2018. (Defendants filed an Amended Answer on April 30, 2018.)

F. On February 26, 2018, the Parties filed their Joint Discovery Plan with the Court, and discovery commenced. To date, Lead Plaintiffs have issued document requests and requests for admission to Defendants. In response, Defendants have produced approximately one million pages of documents. Defendants also have issued document requests and interrogatories to Lead Plaintiffs and, in response, Lead Plaintiffs have produced approximately one thousand pages of documents.

G. While discovery was ongoing, the Parties agreed to discuss a possible resolution of the Action and the Released Claims. To facilitate their negotiations, the Parties engaged in a formal mediation with the Hon. Daniel Weinstein (Ret.) on March 27, 2018. In advance of the mediation, the Parties prepared and exchanged detailed mediation statements. Although the Parties were unable to reach a resolution at the mediation, they thereafter continued their discussions with the

assistance of Judge Weinstein. Following continued discussions, the Parties accepted a mediator's proposal to settle the Action and the Released Claims for $14.75 million.

H. This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

I. Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the Settlement Class, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Lead Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims (as defined below in ¶ 1(hh)) pursuant to the terms and provisions of this Stipulation, after considering, among other things: (i) the financial benefit that members of the Settlement Class will receive under the proposed Settlement; and (ii) the significant risks and costs of continued litigation and trial.

J. This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. The Parties are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. All of the Defendants deny, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever, including, without limitation, any

allegation that they have committed any act or omission giving rise to any liability under the Exchange Act, or Rule 10b-5 promulgated thereunder. Specifically, Defendants expressly have denied, and continue to deny, that Lead Plaintiffs have asserted any valid claims against them, including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied, and continue to deny, among other allegations, the allegations that Lead Plaintiffs or the Settlement Class have suffered any damages, or that Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

K. As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or an admission, concession, or finding on the part of any of the Defendants with respect to any claim or allegation of any fault, liability, wrongdoing, or damages whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. The Signatory Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiffs of any

infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed, and prosecuted by Lead Plaintiffs in good faith and defended by Defendants in good faith, and that the Action is being voluntarily settled with the advice of counsel.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (individually and on behalf of all members of the Settlement Class) and Signatory Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1. As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a) "Action" means the putative securities class action currently styled *Palazzolo, et al. v. Fiat Chrysler Automobiles N.V.*, *et al.*, Case No. 4:16-cv-12803-LVP-SDD (E.D. Mich.).

(b) "Alternative Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c) "Authorized Claimant" means a Settlement Class Member who or which submits to the Claims Administrator a Claim Form that is approved by the Court for payment from the Net Settlement Fund.

(d) "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(e) "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit to the Claims Administrator in order to be eligible to share in a distribution of the Net Settlement Fund.

(f) "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the Net Settlement Fund.

(g) "Claims Administrator" means JND Legal Administration, the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(h) "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed to Authorized Claimants.

(i) "Class Period" means the period of time between November 3, 2014 and July 26, 2016, inclusive.

(j) "Court" means the United States District Court for the Eastern District of Michigan.

(k) "Defendants" means FCA and the Individual Defendants.

(l) "Defendants' Counsel" means the law firms of Sullivan & Cromwell LLP, Bush Seyferth & Paige PLLC, Bracewell LLP and Brooks Wilkins Sharkey & Turco PLLC.

(m) "Defendants' Releasees" means Defendants, together with their past, present, or future affiliates, divisions, joint ventures, assigns, assignees, direct or indirect parents or subsidiaries, controlling shareholders, successors, predecessors, and entities in which a Defendant has a controlling interest, and each of their past, present, or future officers, directors, agents, employees, partners, members, attorneys, controlling shareholders, advisors, investment advisors, auditors, accountants, insurers (including reinsurers and co-insurers), and Immediate Family members, and the legal representatives, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, successors in interest, or assigns of any of the foregoing. For the

avoidance of doubt, Defendants' Releasees expressly includes Roland Iseli and Alessandro Baldi, as Co-Executors of the Estate of Sergio Marchionne.

(n) "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred, or have been waived.

(o) "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(p) "Escrow Agent" means The Huntington National Bank.

(q) "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(r) "Final," with respect to the Judgment or, if applicable, the Alternative Judgment, or any other court order means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing of any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the Judgment, Alternative Judgment or order; or (ii) if there is an appeal from the Judgment, Alternative Judgment or other court order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the Judgment, Alternative Judgment or order is finally

affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs or expenses; or (ii) the plan of allocation for the Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude the Judgment or, if applicable, the Alternative Judgment, from becoming Final.

(s) "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(t) "Individual Defendants" means Marchionne, Palmer and Bigland.

(u) "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, entered by the Court approving the Settlement.

(v) "Lead Counsel" means the law firms of Kessler Topaz Meltzer & Check, LLP and The Miller Law Firm, P.C.

(w) "Lead Plaintiffs" means Carl Palazzolo and Albert Ferrandi.

(x) "Litigation Expenses" means the reasonable costs and expenses incurred by Lead Counsel in connection with commencing, prosecuting and settling the Action (which may include the reasonable costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

(y) "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(z) "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Fairness Hearing, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to potential Settlement Class Members.

(aa) "Notice and Administration Costs" means the costs, fees and expenses that are reasonably and actually incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notice to the Settlement Class; and (ii) administering the Settlement, including, but not limited to, the Claims

process, as well as the reasonably and actually incurred costs, fees and expenses incurred in connection with the Escrow Account.

(bb) "Parties" means Signatory Defendants and Lead Plaintiffs, on behalf of themselves and the Settlement Class.

(cc) "Plaintiffs' Releasees" means (i) Lead Plaintiffs, their attorneys and all other Settlement Class Members; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, successors, assigns and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

(dd) "Plan of Allocation" means the proposed plan set forth in the Notice to be utilized for determining the allocation of the Net Settlement Fund, as submitted or subsequently modified.

(ee) "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(ff) "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(gg) "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action. "Released Defendants' Claims" does not include (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Defendants' Claims").

(hh) "Released Plaintiffs' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common,

statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiffs or any other member of the Settlement Class (i) asserted in the Consolidated Complaint or (ii) could have asserted in any court or forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Consolidated Complaint and that relate to the purchase, acquisition or ownership of shares of FCA common stock on (and for ownership, shares resulting from a purchase or acquisition on) the New York Stock Exchange or any other securities exchange located in the United States ("U.S. Exchange") during the Class Period. "Released Plaintiffs' Claims" does not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in the actions *Napleton's Arlington Heights Motors, Inc., et al., v. FCA US LLC*, No. 1:16-cv-00403-VMK-SMF (N.D. Ill.) and *Pirnik v. Fiat Chrysler Automobiles NV et al.*, No. 1:15-cv-07199 (S.D.N.Y.); or (iii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Plaintiffs' Claims").

(ii) "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(jj) "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(kk) "Settlement" means the settlement on the terms and conditions set forth in this Stipulation.

(ll) "Settlement Amount" means Fourteen Million Seven Hundred and Fifty Thousand U.S. Dollars ($14,750,000) in cash to be paid pursuant to ¶ 8 of this Stipulation.

(mm) "Settlement Class" means all persons and entities who purchased or otherwise acquired the publicly traded common stock of FCA on a U.S. Exchange between November 3, 2014 and July 26, 2016, inclusive, and were damaged thereby. Excluded from the Settlement Class are (i) Defendants; (ii) present and former directors or executive officers of the Company; (iii) any of Defendants' Immediate Family members; (iv) any of the foregoing individuals' or entities' legal representatives, heirs, successors, or assigns; and (v) any entity in which any Defendant has a controlling interest, or which is related to or affiliated with any of the Defendants. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

(nn) "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(oo) "Settlement Fairness Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(pp) "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(qq) "Signatory Defendants" means FCA, Palmer and Bigland.

(rr) "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Fairness Hearing, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(ss) "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) arising with respect to any income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Releasees or their counsel with respect to any income earned by the Settlement Fund for any period after the deposit of the Settlement Amount in the Escrow Account during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (ii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(tt) "Tax Expenses" means the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) tax returns for the Settlement Fund).

(uu) "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Signatory Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Signatory Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties acknowledge that they may hereafter discover facts in addition to or different from those which he or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Lead Plaintiffs and Signatory Defendants shall expressly settle and release, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, settled and released, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs and Signatory Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of the Judgment or the Alternative Judgment, if applicable, to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

**PRELIMINARY APPROVAL OF SETTLEMENT**

2. Promptly upon execution of this Stipulation, Lead Plaintiffs will move for preliminary approval of the Settlement and the scheduling of a hearing for consideration of, *inter alia*, final approval of the Settlement and Lead Counsel's application for an award of reasonable attorneys' fees and reimbursement of Litigation Expenses. Lead Plaintiffs' motion for preliminary approval shall be unopposed by Signatory Defendants. Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Signatory Defendants shall

agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## SETTLEMENT CLASS CERTIFICATION

3. Solely for the purpose of the Settlement, and for no other purpose, the Parties hereby stipulate and agree to: (a) certification of the Action as a class action, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, consistent with the definition of the Settlement Class; (b) appointment of Lead Plaintiffs as representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. In connection with approval of the Settlement, Lead Plaintiffs will request the Court to certify the Action to proceed as a class action for settlement purposes only. Signatory Defendants expressly reserve the right to contest class certification in the event that the Effective Date does not occur.

## RELEASE OF CLAIMS

4. The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5. Pursuant to the Judgment, or the Alternative Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves,

and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Plaintiffs' Claims.

6. Pursuant to the Judgment, or the Alternative Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Signatory Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against the Plaintiffs' Releasees, and shall forever be barred and

enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Defendants' Claims.

7. Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternative Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternative Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8. In consideration of the full settlement of the claims asserted in the Action against Defendants and the Defendants' Releasees and the Releases specified in ¶¶ 4-7 above, FCA shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than twenty (20) business days after the later of: (a) the date of entry of the Preliminary Approval Order; or (b) the receipt by Defendants' Counsel from Lead Counsel of all information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account number, and a signed Form W-9 reflecting the taxpayer identification number for the Settlement Fund.

9. Defendants' sole monetary obligation under the Settlement, including in connection with the provision and administration of notice and the administration of the Settlement and any costs associated therewith (except for the provision of notice pursuant to CAFA as detailed in ¶ 38 hereof) and any attorneys' fees or costs awarded by the Court, is the Settlement Amount, and Defendants shall not be liable for any other amount or amounts.

**USE OF SETTLEMENT FUND**

10. The Settlement Fund shall be used to pay: (a) any Taxes and Tax Expenses; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs or fees approved by the Court. Under no circumstances will Defendants (or any of the other Defendants' Releasees) be required to pay more than the Settlement Amount. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 19-30 below.

11. Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed, or returned, pursuant to the terms of this Stipulation and/or

further order of the Court. At the written direction of Lead Counsel, the Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

12. The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation. The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes or Tax Expenses owed with respect to the Settlement Fund. Upon written request, one or more of the Signatory Defendants will provide to Lead Counsel the

statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith. Unless otherwise specified herein expressly, all obligations with respect to the Qualified Settlement Fund are obligations of Lead Counsel, not Defendants or Defendants' Counsel.

13. All Taxes and Tax Expenses shall be paid out of the Settlement Fund, and in all events the Defendants' Releasees shall have no liability or responsibility whatsoever for the payment of Taxes or Tax Expenses. Taxes and Tax Expenses shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court, and Lead Counsel shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)). The Parties hereto agree to cooperate with the Escrow

Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of ¶¶ 12 and 13 of this Stipulation.

14. The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including, without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

15. Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable; *provided, however*, that Lead Counsel may only pay up to $275,000 in Notice and Administration Costs prior to the Settlement Hearing without further Court approval. Following the Settlement Hearing, Lead Counsel may pay amounts for Notice and Administration Costs over $275,000 without further Court approval. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice and Claim Form, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice and Claim Form to their beneficial owners, the administrative

expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

16. Lead Counsel will apply to the Court for an award of reasonable attorneys' fees to be paid from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiffs' reasonable costs and expenses directly related to their representation of the Settlement Class, to be paid from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Signatory Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

17. Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or

collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. The procedure for, the allowance or disallowance of, and the amount of any attorneys' fees and/or Litigation Expenses are not necessary terms of this Stipulation, are not conditions of the Settlement embodied herein, and shall be considered separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses, and any appeal from any order awarding attorneys' fees and/or Litigation Expenses or any reversal or modification of any such order shall not affect or delay the finality of the Judgment or Alternative Judgement.

18. Defendants and Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely from the Settlement Fund. With the sole exception of FCA's obligation to cause the Settlement Amount to be paid into the Escrow Account pursuant to ¶ 8 above, the Defendants' Releasees shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or Litigation Expenses to Lead Counsel pursuant to this Stipulation, or for any other attorneys' fees and/or Litigation Expenses incurred by or on behalf of any other Settlement Class Member in connection with this Action or the Settlement.

## NOTICE AND SETTLEMENT ADMINISTRATION

19. As part of the Preliminary Approval Order, Lead Plaintiffs shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including, but not limited to, the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than Defendants' obligation to provide Lead Counsel or the Claims Administrator with FCA's common stock records as provided in ¶ 20 below, none of Defendants, nor any of the other Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for

the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiffs, any other Settlement Class Members or Lead Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

20. In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail, or email, the Notice and Claim Form to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within five (5) calendar days after entry of the Preliminary Approval Order, FCA shall provide or cause to be provided to Lead Counsel or the Claims Administrator, at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator, a list, in electronic form, of record holders of FCA common stock during the Class Period obtained from FCA's U.S. transfer agent (consisting of names and addresses, as well as e-mail addresses if available), to the extent that such information is reasonably available.

21. The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or in part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund as calculated pursuant to the proposed Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A (or such other plan of allocation as the Court approves).

22. The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation approved in this Action. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

23. Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or, the Alternative Judgment, if applicable, to be entered

in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any of the Defendants or the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

24. Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim, nor shall any Defendant or Defendants' Releasee have any responsibility for, interest in, or liability for any decision. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

25. For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a) Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and

supported by such documents as are designated therein, including proof of the Claimant's claimed loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b) All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any of the Defendants or the Defendants' Releasees with respect to any Released Plaintiffs' Claim. A Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c) Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan

of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d) Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e) If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

26. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure; provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

27. Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

28. Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment, if applicable, to be entered in this Action

and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing, commencing, instituting, maintaining, prosecuting or continuing to prosecute any action, claim or other proceeding of any kind against any of the Defendants or the Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

29. No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or Defendants, the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Lead Plaintiffs and Defendants, and their respective counsel, Lead Plaintiffs' damages consultant/expert, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) of Tax Expenses owed by the Settlement Fund, or any losses incurred in connection therewith.

30. All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims,

shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and the Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

31. If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

32. The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a) the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

(b) the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c) FCA has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d) Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e) the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternative Judgment with the consent of all Parties, and the Alternative Judgment has become Final.

33. Upon the occurrence of all of the events referenced in ¶ 32 above, any and all remaining interest or right of Defendants or any other Defendants' Releasees in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, and the Releases herein shall be effective.

34. If (i) FCA exercises its right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a) the Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b) Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of the date immediately prior to the execution of this Stipulation;

(c) the terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 15, 17, 36 and 56, shall have no further force and effect with respect

to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternative Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

(d) Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 17 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes and Tax Expenses paid, due or owing shall be returned by the Escrow Agent to FCA (or such other persons or entities as FCA may direct). In the event that the funds received by Lead Counsel consistent with ¶ 17 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to FCA (or such other persons or entities as FCA may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 17 above.

35. It is further stipulated and agreed that Lead Plaintiffs, on the one hand, and FCA, on the other hand, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any

material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Sixth Circuit or the United States Supreme Court; or (e) the date upon which an Alternative Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Sixth Circuit or the United States Supreme Court, and the provisions of ¶ 34 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternative Judgment, if applicable, and shall not be grounds for termination of the Settlement.

**NO ADMISSION OF WRONGDOING**

36. Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants or the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants or the Defendants' Releasees, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b) shall be offered against Lead Plaintiffs or any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by Lead Plaintiffs or any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants or Defendants' Releasees had meritorious defenses, or that damages recoverable under the Consolidated Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against Lead Plaintiffs or any of the Plaintiffs'

Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

**MISCELLANEOUS PROVISIONS**

37. All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

38. Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) calendar days after the Stipulation is filed with the Court, Signatory Defendants, at their own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to notice pursuant to CAFA.

39. FCA warrants and represents that, as to the payments made or to be made on behalf of it, at the time of entering into this Stipulation and at the time of

such payment it, or to the best of its knowledge any persons or entities contributing to the payment of the Settlement Amount, were not "insolvent" within the meaning of 11 U.S.C. §101(32). This representation is made by FCA and not by its counsel.

40. In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternative Judgment, if applicable, entered in favor of Defendants and the other Defendants' Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternative Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 34(b) above, Lead Counsel shall promptly return any attorneys' fees and Litigation Expenses received pursuant to ¶ 17 above, plus accrued interest at the same net rate as is earned by the Settlement Fund, and any cash amounts in the Settlement Fund (less any Taxes and Tax Expenses paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 34 above.

41. The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any Settlement Class Members against Defendants and the Defendants' Releasees with respect to the Released Plaintiffs' Claims. Accordingly, Lead Plaintiffs and their counsel and Signatory Defendants and their counsel agree not to assert in any forum that this Action was brought by Lead Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. No party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure, or of 28 U.S.C. Section 1927, or otherwise make any accusation of wrongful or actionable conduct by any other Party, relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

42. In all events, Lead Plaintiffs and their counsel and Signatory Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and

resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

43. The Parties agree that each shall not issue press releases regarding the Settlement, or otherwise publicize the Settlement by means of other public statements, social media or otherwise, except as specifically provided in this Stipulation or as required by the Court or a federal or state governmental agency. This provision shall not prohibit Lead Counsel from communicating with any Settlement Class Member regarding the Action or the Settlement, or in responding to inquiries or objections raised by the Settlement Class or third-parties. This provision also shall not prohibit Lead Counsel from noting the fact of the Settlement in filings with courts in support of their appointment as class counsel in other matters. For the avoidance of doubt, however, nothing herein shall be construed to apply to comments and related arguments provided by any Party to the Court (including in Court filings) in the context of seeking approval of the Settlement.

44. The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiffs and Signatory Defendants (or their successors-in-interest).

45. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46. Pending approval of the Court of this Stipulation and its exhibits, all proceedings in this Action shall be stayed and all members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

47. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

48. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

49. This Stipulation and its exhibits constitute the entire agreement among Lead Plaintiffs and Signatory Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation or its exhibits other than those contained and memorialized in such documents.

50. This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

51. This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, limited liability company or other entity into or with which any party hereto may merge, consolidate or reorganize.

52. The construction, interpretation, operation, effect and validity of this Stipulation and all documents necessary to effectuate it shall be governed by the internal laws of the State of Michigan without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

53. Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

54. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

55. All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

56. Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

57. If any Party is required to give notice to another party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt. Notice shall be provided as follows:

| | |
|---|---|
| If to Lead Plaintiffs or Lead Counsel: | Kessler Topaz Meltzer & Check, LLP<br>Attn: Gregory M. Castaldo<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Telephone: (610) 667-7706<br>Facsimile: (610) 667-7056<br>Email: gcastaldo@ktmc.com<br><br>The Miller Law Firm, P.C.<br>Attn: E. Powell Miller<br>950 West University Drive<br>Suite 300 |

Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
Email: epm@millerlawpc.com

If to Defendants or Defendants' Counsel:

*Counsel for Fiat Chrysler Automobiles N.V., and Richard K. Palmer*
Sullivan & Cromwell LLP
Attn: William B. Monahan
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: monahanw@sullcrom.com

*Counsel for Reid Bigland*
Bracewell LLP
Attn: Rachel B. Goldman
1251 Avenue of the Americas
49th Floor
New York, NY 10020-1100
Telephone: (212) 508-6100
Facsimile: (212) 508-6101
Email: rachel.goldman@bracewelllaw.com

58. Except as otherwise provided herein, each Party shall bear its own fees and costs.

59. All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

60. No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations,

and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of January 31, 2019.

**KESSLER TOPAZ MELTZER & CHECK, LLP**

Gregory M. Castaldo
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
gcastaldo@ktmc.com

– and –

Stacey M. Kaplan
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001
skaplan@ktmc.com

**THE MILLER LAW FIRM, P.C.**

E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
950 West University Drive
Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200

Facsimile: (248) 652-2852
epm@millerlawpc.com
ssa@millerlawpc.com

*Counsel for Lead Plaintiffs and the Settlement Class*

**SULLIVAN & CROMWELL LLP**

William B. Monahan /MAP
_______________________________
Robert J. Giuffra, Jr.
William B. Monahan
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
giuffrar@sullcrom.com
monahanw@sullcrom.com

**BUSH SEYFERTH & PAIGE PLLC**
Patrick G. Seyferth (P47575)
Roger P. Meyers (P73255)
3001 West Big Beaver Road
Troy, Michigan 48084
Telephone: (248) 822-7800
Facsimile: (248) 822-7001
seyferth@bsplaw.com
meyers@bsplaw.com

*Counsel for Defendants Fiat Chrysler Automobiles N.V. and Richard K. Palmer*

**BRACEWELL LLP**

Rachel B. Goldman /MAP
_______________________________
Rachel B. Goldman
1251 Avenue of the Americas

49th Floor
New York, NY 10020-1100
Telephone: (212) 508-6100
Facsimile: (212) 508-6101
rachel.goldman@bracewelllaw.com

**BROOKS WILKINS SHARKEY & TURCO PLLC**
Keefe A. Brooks (P31680)
Michael T. Price (P57229)
401 South Old Woodward,
Suite 400
Birmingham, MI 48009
Telephone: (248) 971-1800
Facsimile: (248) 971-1801
Brooks@bwst-law.com
Price@bwst-law.com

*Counsel for Defendant Reid Bigland*

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| CARL PALAZZOLO and ALBERT FERRANDI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FIAT CHRYSLER AUTOMOBILES N.V., SERGIO MARCHIONNE, RICHARD K. PALMER, and REID BIGLAND,<br><br>Defendants. | Case No. 4:16-cv-12803-LVP-SDD<br><br>Hon. Linda V. Parker |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a putative securities class action is pending in this Court entitled *Palazzolo, et al. v. Fiat Chrysler Automobiles N.V., et al.*, Case No. 4:16-cv-12803-LVP-SDD (the "Action");

WHEREAS, Lead Plaintiffs Carl Palazzolo and Albert Ferrandi, on behalf of themselves and the other members of the Settlement Class (as defined below), and defendants Fiat Chrysler Automobiles N.V. ("FCA" or the "Company"), Richard K. Palmer and Reid Bigland (collectively, the "Signatory Defendants," and, together with Lead Plaintiffs, on behalf of themselves and the other members of the Settlement Class, the "Parties") have determined to settle all claims asserted against

Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated January 31, 2019 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and providing for notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Provisional Certification of the Settlement Class** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purpose of effectuating the Settlement, this Court provisionally certifies a class defined as all persons and entities who purchased or otherwise acquired the publicly traded common stock of FCA on a U.S. Exchange between November 3, 2014 and July 26, 2016, inclusive, and were damaged thereby (the "Settlement Class"). Excluded from

the Settlement Class are (i) Defendants; (ii) present and former directors or executive officers of the Company; (iii) any of Defendants' Immediate Family members; (iv) any of the foregoing individuals' or entities' legal representatives, heirs, successors, or assigns; and (v) any entity in which any Defendant has a controlling interest, or which is related to or affiliated with any of the Defendants. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court. The provisional certification of the Settlement Class shall be vacated if the Settlement is terminated or not approved by the Court, or if for any other reason the Effective Date does not occur, including as a result of any appeals.

2. Solely for purposes of effectuating the proposed Settlement, the Court preliminarily finds that each of the prerequisites for class action certification under Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the interests of all Settlement Class Members are adequately represented by Lead Plaintiffs and Lead Counsel; (e) the issues common to Settlement Class Members predominate over any individualized issues; and (f) a class action is superior to other available methods for the fair and efficient

adjudication of the controversy. These preliminary findings shall be vacated if the Settlement is terminated or if for any reason the Effective Date does not occur, including as a result of any appeals.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purposes of effectuating the Settlement, Lead Plaintiffs are appointed as representatives for the Settlement Class and Lead Counsel are appointed as counsel for the Settlement Class. Solely for the purposes of effectuating the proposed Settlement, Lead Counsel are authorized to act on behalf of Lead Plaintiffs and the other Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation, including all acts that are reasonably necessary to consummate the Settlement. These designations shall be vacated if the Settlement is terminated or if for any reason the Effective Date does not occur, including as a result of any appeals.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds that the Parties have shown the Court that it will likely be able to approve the proposed Settlement as being fair, reasonable and adequate to the Settlement Class under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Fairness Hearing to be conducted as described below.

5. **Settlement Fairness Hearing** – The Court will hold a hearing (the "Settlement Fairness Hearing") on _______________, 2019 at __:__ _.m. in Courtroom 108 of the Federal Building and U.S. Courthouse, 600 Church Street, Flint, MI 48502, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether the Settlement Class should be certified for settlement purposes; (c) whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Fairness Hearing shall be given to Settlement Class Members as set forth in ¶ 7 of this Order.

6. The Court may adjourn the Settlement Fairness Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7. **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel are hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Fairness Hearing shall be given by Lead Counsel as follows:

a. within five (5) calendar days after entry of this Order, FCA shall provide or cause to be provided to Lead Counsel or the Claims Administrator, at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator, a list, in electronic form, of record holders of FCA common stock during the Class Period obtained from FCA's U.S. transfer agent (consisting of names and addresses, as well as email addresses if available), to the extent that such information is reasonably available;

b. not later than twenty (20) calendar days after the date of entry of this Order ("Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (together, the "Notice Packet"), to be mailed by first-class mail, or e-mailed, to potential Settlement Class Members at the mailing addresses and/or the email addresses set forth in the records provided or caused to be provided by FCA, or who otherwise may be identified through further reasonable effort;

c. contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

d. not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

e. not later than seven (7) calendar days prior to the Settlement Fairness Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in ¶ 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of

attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Fairness Hearing shall be included in the Notice and Summary Notice before they are mailed (and/or e-mailed) and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired FCA common stock on a U.S. Exchange during the Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses (and e-mail addresses, if available) of all such beneficial owners to

the Claims Administrator in which event the Claims Administrator shall promptly mail or e-mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked, or submitted online, no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator;[1] (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. Any Settlement Class Member who does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be

---

[1] The documentation provided must show whether the FCA common stock claimed was purchased or acquired on a U.S. Exchange. To the extent the documentation does not provide whether the claimed common stock was purchased or acquired on a U.S. Exchange, or it is unclear, the Claimant will be required to supply additional documentation that provides such information to the satisfaction of Lead Counsel or the Claims Administrator.

deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein; and (d) will be barred from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in ¶ 10 above.

13. **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than _____________, 2019 [twenty one (21) calendar days prior to Settlement Fairness Hearing], to: *Fiat Chrysler Automobiles Securities Litigation Settlement*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91245, Seattle, WA 98111-9345, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of

entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Palazzolo, et al. v. Fiat Chrysler Automobiles N.V., et al.*, Case No. 4:16-cv-12803-LVP-SDD"; (iii) state the number of shares of FCA common stock that the person or entity requesting exclusion purchased/acquired and/or sold on a U.S. Exchange during the Class Period (*i.e.*, between November 3, 2014 and July 26, 2016, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the

Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein; and (d) will be barred from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

16. **Appearance and Objections at Settlement Fairness Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering to representatives of both Lead Counsel and Defendants' Counsel, at the addresses set forth in ¶ 17 below, a notice of appearance such that it is received no later than _____________, 2019 [twenty one (21) calendar days prior to the Settlement Fairness Hearing], or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17. Any Settlement Class Member who does not request exclusion from the Settlement Class may submit a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of

attorneys' fees and reimbursement of Litigation Expenses, and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided*, *however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, the Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on representatives of both Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than ____________, 2019 [twenty one (21) calendar days prior to the Settlement Fairness Hearing].

**<u>Lead Counsel</u>**

Gregory M. Castaldo, Esq.
Kessler Topaz Meltzer
& Check LLP
280 King of Prussia Road
Radnor, PA 19087

E. Powell Miller, Esq.
The Miller Law Firm, P.C.
950 West University Drive, Suite 300
Rochester, MI 48307

**<u>Defendants' Counsel</u>**

*Counsel for Fiat Chrysler Automobiles N.V. and Richard K. Palmer*

Robert J. Giuffra, Jr., Esq.
William B. Monahan, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004-2498

*Counsel for Reid Bigland*

Rachel B. Goldman, Esq.
Bracewell LLP
1251 Avenue of the Americas
49th Floor
New York, NY 10020-1100

18. Any objections by a Settlement Class Member must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (c) indicate whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (d) state with specificity the grounds for the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (e) include documents sufficient to prove membership in the Settlement Class, consisting of documents showing the number of shares of FCA common stock that the objector purchased/acquired and/or sold on a U.S. Exchange during the Class Period (*i.e.*, between November 3, 2014 and July 26, 2016, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and/or sale. Documentation establishing membership in the Settlement Class (including that the FCA common stock claimed was purchased or acquired on a U.S. Exchange) must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the

Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Objectors shall be allowed to present argument and evidence solely at the discretion of the Court.

19. Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20. **Stay and Temporary Injunction** – The Court hereby stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Further, pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Settlement Class, from commencing or

prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

21. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement, as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

22. **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23. **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes and Tax Expenses owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this

Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of the date immediately prior to the execution of the Stipulation, as provided in the Stipulation.

25. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

a. shall be offered against any of the Defendants or the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants or Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or Defendants' Releasees or in any way referred to for any

other reason as against any of the Defendants or the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

b. shall be offered against Lead Plaintiffs or any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by Lead Plaintiffs or any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants or Defendants' Releasees had meritorious defenses, or that damages recoverable under the Consolidated Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Lead Plaintiffs or any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

c. shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and

the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

26. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty five (35) calendar days prior to the Settlement Fairness Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

27. **CAFA Notice** – As set forth in the Stipulation, and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § I 715(b)-(c), Signatory Defendants shall timely serve the CAFA notice upon the appropriate federal and state officials. Signatory Defendants shall be responsible for all costs and expenses related to CAFA notice.

28. The Court finds that the Court will likely be able to approve the proposed Settlement under Federal Rule of Civil Procedure 23(e)(2) and certify the Settlement Class for purposes of effectuating the Settlement.

29. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this __________ day of ____________________, 2019.

______________________________
LINDA V. PARKER
U.S. DISTRICT JUDGE

**EXHIBIT A-1**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| CARL PALAZZOLO and ALBERT FERRANDI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FIAT CHRYSLER AUTOMOBILES N.V., SERGIO MARCHIONNE, RICHARD K. PALMER, and REID BIGLAND,<br><br>Defendants. | Case No. 4:16-cv-12803-LVP-SDD<br><br>Hon. Linda V. Parker |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING**

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action ("Action") pending in the United States District Court for the Eastern District of Michigan ("Court"), if, during the period between November 3, 2014 and July 26, 2016, inclusive ("Class Period"), you purchased or otherwise acquired the publicly traded common stock of Fiat Chrysler Automobiles N.V. ("FCA" or the "Company") on a U.S. Exchange and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs Carl Palazzolo and Albert Ferrandi ("Lead Plaintiffs"), on behalf of

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated January 31, 2019 ("Stipulation"), which is available at www.FiatSecuritiesLitigationSettlement.com.

themselves and the Settlement Class (as defined in ¶20 below), have reached a proposed settlement of the Action with FCA, Richard K. Palmer ("Palmer") and Reid Bigland ("Bigland"; collectively with FCA and Palmer, the "Signatory Defendants") for $14,750,000 in cash that, if approved, will resolve all claims in the Action ("Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Defendants in the Action or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶64 below).**

**Additional information about the Settlement is available on the website, www.FiatSecuritiesLitigationSettlement.com.**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending putative securities class action brought by investors alleging, among other things, that defendants FCA, Sergio Marchionne, Palmer, and Bigland (collectively, "Defendants") violated the federal securities laws by making false and misleading statements and omissions. A more detailed description of the Action is set forth in ¶¶11-19 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶20 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $14,750,000 in cash ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon ("Settlement Fund") less (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiffs' damages expert's estimate of the number of shares of FCA common stock purchased on a U.S. Exchange during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) per eligible share is approximately $0.08. **Settlement Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.** Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors: (i) when and the price at which they purchased/acquired shares of FCA common stock on a U.S. Exchange; (ii) whether they sold their shares of FCA common stock and, if so, when; (iii) the total number and value of valid Claims submitted; (iv) the amount of Notice and Administration Costs; and (v) the amount of attorneys' fees and Litigation Expenses awarded by the Court. Distributions to Settlement Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share of FCA common stock that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Kessler Topaz Meltzer & Check, LLP and The Miller Law Firm, P.C., have not received any payment of attorneys' fees for their representation of the Settlement Class in the Action and have advanced the funds to pay expenses incurred to prosecute this Action with the expectation that if they were successful in recovering money for the Settlement Class, they would receive fees and be paid for their expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the claims against Defendants, in an amount not to exceed $400,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in accordance with 15 U.S.C. §78u-4(a)(4), in an aggregate amount not to exceed $10,000. Any fees and expenses awarded by

the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost per eligible share of FCA common stock, if the Court approves Lead Counsel's fee and expense application, is approximately $0.03 per share. **Please note that this amount is only an estimate**.

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class are represented by Gregory M. Castaldo, Esq. of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, 1-610-667-7706, info@ktmc.com and E. Powell Miller, Esq. of The Miller Law Firm, P.C., 950 West University Drive, Suite 300, Rochester, MI 48307, 1-248-841-2200, info@millerlawpc.com. Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Lead Counsel or the Court-appointed Claims Administrator at: *Fiat Chrysler Automobiles Securities Litigation Settlement*, c/o JND Legal Administration, P.O. Box 91245, Seattle, WA 98111-9345, 1-833-291-1644, info@FiatSecuritiesLitigationSettlement.com, www.FiatSecuritiesLitigationSettlement.com.

7. **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the immediate cash benefit for the Settlement Class without the risk or the delays and costs inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery – or indeed no recovery at all – might be achieved after full discovery, contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Signatory Defendants, who deny all allegations of wrongdoing or liability whatsoever, have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions of the Settlement.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT:** | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN _____________, 2019.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶29 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶30 below), so it is in your interest to submit a Claim Form. |

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____________, 2019.** | Get no payment. If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you to ever be part of any other lawsuit against the Defendants concerning the claims that were, or could have been, asserted in this Action. It is also the *only* way for Settlement Class Members to remove themselves from the Settlement Class. **If you are considering excluding yourself from the Settlement Class, please note that there is a risk that any new claims asserted against the Defendants may no longer be timely and would be time-barred. *See* ¶51 below.** |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN __________, 2019.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. In order to object, you must remain a member of the Settlement Class, may not exclude yourself, and you will be bound by the Court's determinations |
| **GO TO A HEARING ON _____________, 2019 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____________, 2019.** | If you have filed a written objection and wish to appear at the hearing, you must also file a notice of intention to appear by _____________, 2019, which allows you to speak in Court, at the discretion of the Court, about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. <u>Please Note</u>: The date and time of the Settlement Fairness Hearing – currently scheduled for __________, 2019 at __:__ _.m. – is subject to change without further notice to the Settlement Class. If you plan to attend the hearing, you should check the website www.FiatSecuritiesLitigationSettlement.com or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

## WHAT THIS NOTICE CONTAINS


| | |
|---|---|
| Why Did I Get This Notice? | Page __ |
| What Is This Case About? | Page __ |
| How Do I Know If I Am Affected By The Settlement? Who Is Included In The Settlement Class? | Page __ |
| What Are Lead Plaintiffs' Reasons For The Settlement? | Page __ |
| What Might Happen If There Were No Settlement? | Page __ |
| How Are Settlement Class Members Affected By The Action And The Settlement? | Page __ |
| How Do I Participate In The Settlement? What Do I Need To Do? | Page __ |
| How Much Will My Payment Be? | Page __ |
| What Payment Are The Attorneys For The Settlement Class Seeking? How Will The Lawyers Be Paid? | Page __ |
| What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself? | Page __ |
| When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement? | Page __ |
| What If I Bought Shares On Someone Else's Behalf? | Page __ |
| Can I See The Court File? Whom Should I Contact If I Have Questions? | Page __ |
| Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants | Appendix A |


## WHY DID I GET THIS NOTICE?

8. The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian <u>may</u> have purchased or otherwise acquired FCA common stock on a U.S. Exchange

during the Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses ("Settlement Fairness Hearing"). *See* ¶54 below for details about the Settlement Fairness Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time.

## WHAT IS THIS CASE ABOUT?

11. This is a securities class action brought against FCA; FCA's Chief Executive Officer throughout the Class Period, Sergio Marchionne; FCA's Chief Financial Officer throughout the Class Period, Richard K. Palmer; and FCA's Head of U.S. Sales throughout the Class Period, Reid Bigland. Lead Plaintiffs allege that, during the Class Period, Defendants made false and misleading statements and failed to disclose material adverse facts about the Company's business and operations. Specifically, Lead Plaintiffs allege that Defendants fraudulently inflated FCA's U.S vehicle sales numbers during the Class Period, including misrepresenting the Company's streak of year-over-year monthly U.S. sales growth.

12. The Action was commenced on July 29, 2016, with the filing of a putative securities class action complaint in this Court captioned *Samaras v. Fiat Chrysler Automobiles N.V., et al.*, Case No. 4:16-cv-12803-LVP-SDD. By Order dated January 18, 2017, the Court appointed Carl Palazzolo and Albert Ferrandi as lead plaintiffs and Kessler Topaz Meltzer & Check, LLP and The Miller Law Firm, P.C. as lead counsel.

13. On March 17, 2017, Lead Plaintiffs filed the operative complaint in the Action: the Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Consolidated Complaint"). The Consolidated Complaint asserted claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, against Defendants.

14. On May 16, 2017, Defendants moved to dismiss the Consolidated Complaint. By Opinion and Order dated December 14, 2017, the Court denied Defendants' motion to dismiss the Consolidated Complaint in its entirety.

15. Defendants filed their Answer to the Consolidated Complaint on January 30, 2018. (Defendants filed an Amended Answer on April 30, 2018).

16. On February 26, 2018, the Parties filed their Joint Discovery Plan with the Court, and discovery commenced. To date, Lead Plaintiffs have issued numerous document requests and requests for admission to Defendants. In response, Defendants have produced approximately one million pages of documents for Lead Plaintiffs' review. Defendants also have issued document requests and interrogatories to Lead Plaintiffs and, in response, Lead Plaintiffs have produced approximately one thousand pages of documents.

17. While discovery was ongoing, the Parties agreed to discuss a possible resolution of the Action and the Released Claims. To facilitate their negotiations, the Parties engaged in a formal mediation with the Hon. Daniel Weinstein (Ret.) on March 27, 2018. In advance of the mediation, the Parties prepared and exchanged detailed mediation statements. Although the Parties were unable to reach a resolution of the Action at the mediation, they thereafter continued their discussions with the assistance of Judge Weinstein. Following continued discussions, the Parties accepted a mediator's proposal to settle the Action and the Released Claims for $14.75 million.

18. On January 31, 2019, the Parties entered into the Stipulation, which sets forth the final terms and conditions of the Settlement. The Stipulation can be viewed at www.FiatSecuritiesLitigationSettlement.com.

19. On __________, 2019, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

20. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded from the Settlement Class. The Settlement Class provisionally certified by the Court for purposes of effectuating the Settlement consists of:

> **All persons and entities who purchased or otherwise acquired the publicly traded common stock of FCA on a U.S. Exchange between November 3, 2014 and July 26, 2016, inclusive, and were damaged thereby.**

Excluded from the Settlement Class are (i) Defendants; (ii) present and former directors or executive officers of the Company; (iii) any of Defendants' Immediate Family members; (iv) any of the foregoing individuals' or entities' legal representatives, heirs, successors, or assigns; and (v) any entity in which any Defendant has a controlling interest, or which is related to or affiliated with any of the Defendants. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page __ below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND**

**THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN ____________, 2019.**

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

21. Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit; however, they also recognize the substantial risks in continuing to litigate the Action. For example, Defendants have raised a number of arguments and defenses, including that Defendants made no misrepresentations, that the alleged misrepresentations were immaterial as a matter of law and that Lead Plaintiffs would not be able to establish that Defendants acted with the requisite intent. Even assuming Lead Plaintiffs could establish Defendants' liability, the amount of damages that could be attributed to the allegedly false statements would be hotly contested. Additionally, Lead Plaintiffs and Lead Counsel recognize the significant expense and length of continued proceedings necessary to pursue their claims against Defendants through discovery, further motion practice, trial, and appeals. Thus, there were very significant risks attendant to the continued prosecution of the Action.

22. In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a favorable result for the Settlement Class, namely $14,750,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after discovery, summary judgment, trial, and appeals, possibly years in the future.

23. Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement to eliminate the burden and expense of continued litigation, and the Settlement may not be construed as an admission of any wrongdoing by Defendants in this or any other action or proceeding.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

24. If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead

Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

25. The law firms of Kessler Topaz Meltzer & Check, LLP and The Miller Law Firm, P.C. were appointed to represent all Settlement Class Members. These lawyers are called Lead Counsel. You will not be separately charged for the services of these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. As a Settlement Class Member, you are represented by Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf. *See* "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

26. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," below.

27. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

28. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs,

executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims (as defined in ¶29 below) on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants' Releasees (as defined in ¶30 below), and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Plaintiffs' Claims (as defined in ¶29 below).

29. "Released Plaintiffs' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiffs or any other member of the Settlement Class (i) asserted in the Consolidated Complaint or (ii) could have asserted in any court or forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Consolidated Complaint and that relate to the purchase, acquisition or ownership of shares of FCA common stock on (and for ownership, shares resulting from a purchase or acquisition on) the New York Stock Exchange or any other securities exchange located in the United States ("U.S. Exchange") during the Class Period. "Released Plaintiffs' Claims" do not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in the actions *Napleton's Arlington Heights Motors, Inc., et al., v. FCA US LLC*, No. 1:16-cv-00403-VMK-SMF (N.D. Ill.) and *Pirnik v. Fiat Chrysler Automobiles NV et al.*, No. 1:15-cv-07199 (S.D.N.Y.); or (iii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Plaintiffs' Claims").

30. "Defendants' Releasees" means Defendants, together with their past, present, or future affiliates, divisions, joint ventures, assigns, assignees, direct or indirect parents or subsidiaries, controlling shareholders, successors, predecessors, and entities in which a Defendant has a controlling interest, and each of their past, present, or future officers, directors, agents, employees, partners, members,

attorneys, controlling shareholders, advisors, investment advisors, auditors, accountants, insurers (including reinsurers and co-insurers), and Immediate Family members, and the legal representatives, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, successors in interest, or assigns of any of the foregoing. For the avoidance of doubt, Defendants' Releasees expressly includes Roland Iseli and Alessandro Baldi, as Co-Executors of the Estate of Sergio Marchionne.

31. "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Signatory Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Signatory Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties acknowledge that they may hereafter discover facts in addition to or different from those which he or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Lead Plaintiffs and Signatory Defendants shall expressly settle and release, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, settled and released, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts.

32. The Judgment will also provide that, upon the Effective Date of the Settlement, Signatory Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendants, shall be deemed to

have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶33 below) against the Plaintiffs' Releasees (as defined in ¶34 below), and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Defendants' Claims (as defined in ¶33 below).

33. "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action. "Released Defendants' Claims" does not include (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Defendants' Claims").

34. "Plaintiffs' Releasees" means (i) Lead Plaintiffs, their attorneys and all other Settlement Class Members; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, successors, assigns, and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?<br>WHAT DO I NEED TO DO?

35. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online at <u>www.FiatSecuritiesLitigationSettlement.com</u>, no later than***

_____________, ***2019***. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.FiatSecuritiesLitigationSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-833-291-1644, or by emailing the Claims Administrator at info@FiatSecuritiesLitigationSettlement.com. You may also submit your Claim online. **Please retain all records of your ownership of and transactions in FCA common stock, as they may be needed to document your Claim.** If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

36. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

37. Pursuant to the Settlement, Defendants shall pay or cause to be paid $14,750,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (as defined in ¶2 above) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

38. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation and that decision is affirmed on appeal (if any) and/or the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

39. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final, including following any appeals. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

40. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

41. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked (if mailed), or online, on or before _____________, 2019 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶29 above) against the Defendants' Releasees (as defined in ¶30 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

42. Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to shares of FCA common stock purchased/acquired through an Employee Plan in any Claim Form they submit in this Action. They should include ONLY those eligible shares of FCA common stock purchased/acquired during the Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions of eligible FCA common stock during the Class Period may be made by the Employee Plan(s)' trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in an Employee Plan(s), such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by such Employee Plan(s).

43. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

44. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

45. Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired FCA common stock on a U.S. Exchange during the Class Period and were damaged thereby, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities who are excluded from the Settlement Class by definition or who exclude themselves from the Settlement Class

pursuant to an exclusion request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

46. **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiffs and Lead Counsel. At the Settlement Fairness Hearing, Lead Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

47. Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund. At the same time, Lead Counsel also intend to apply for reimbursement of Litigation Expenses in an amount not to exceed $400,000, which amount may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in accordance with 15 U.S.C. §78u-4(a)(4), in an aggregate amount not to exceed $10,000. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

48. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion addressed to: *Fiat Chrysler Automobile Securities Litigation Settlement*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91245, Seattle, WA 9811-9345. The request for exclusion must be ***received*** **no later than ____________, 2019**. You will not be able to exclude yourself from the Settlement Class after that date.

49. Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Palazzolo, et al. v. Fiat Chrysler Automobiles N.V., et al.*, Case No. 4:16-cv-12803-LVP-SDD"; (iii) state the number of shares of FCA common stock that the person or entity requesting exclusion purchased/acquired and/or sold on a U.S. Exchange during the Class Period (*i.e.*, between November 3, 2014 and July 26, 2016, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.

50. A request for exclusion shall not be valid and effective unless it provides all the information called for in ¶49 and is received within the time stated above, or is otherwise accepted by the Court.

51. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees. Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiffs' Claims. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose. In addition, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

52. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

53. **Settlement Class Members do not need to attend the Settlement Fairness Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.** Please Note: The date and time of the Settlement Fairness Hearing may

change without further written notice to the Settlement Class. If you plan on attending the hearing, please check the website, www.FiatSecuritiesLitigationSettlement.com or contact Lead Counsel to confirm that the date and/or time of the hearing has not changed.

54. The Settlement Fairness Hearing will be held on **_________, 2019 at __:__ _.m.**, before the Honorable Linda V. Parker at the Federal Building and U.S. Courthouse, 600 Church Street, Flint, Michigan 48502, Courtroom 108. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Settlement Class.

55. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Eastern District of Michigan at the address set forth below as well as serve copies on Lead Counsel and on Defendants' Counsel at the addresses set forth below ***on or before ________, 2019***.

**Clerk's Office**

United States
District Court
Eastern District of
Michigan
Federal Building and
U.S. Courthouse
600 Church Street
Room 102
Flint, MI 48502

**Lead Counsel**

Gregory M. Castaldo
Kessler Topaz Meltzer &
Check, LLP
280 King of Prussia Road
Radnor, PA 19087

E. Powell Miller
The Miller Law Firm,
P.C.
950 West University
Drive, Suite 300
Rochester, MI 48307

**Defendants' Counsel**

*Counsel for Fiat Chrysler Automobiles N.V. and Richard K. Palmer*

Robert J. Giuffra, Jr.
William B. Monahan
Sullivan & Cromwell
LLP
125 Broad Street
New York, NY
10004-2498

*Counsel for Reid Bigland*

Rachel B. Goldman
Bracewell LLP

1251 Avenue of the
Americas, 49th Floor
New York, NY
10020-1100

56. To object, you must send a letter to the Court saying that you object to the Settlement in *Palazzolo, et al. v. Fiat Chrysler Automobiles N.V., et al.*, Case No. 4:16-cv-12803-LVP-SDD, and stating the reasons that you object to the Settlement, or any part thereof.

57. Any objection must: (i) state the name, address, and telephone number of the person or entity objecting and be signed by the objector; (ii) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (iii) indicate whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (iv) state with specificity the grounds for the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (v) include documents sufficient to prove membership in the Settlement Class, consisting of documents showing the number of shares of FCA common stock that the objector purchased/acquired and/or sold on a U.S. Exchange during the Class Period (*i.e.*, between November 3, 2014 and July 26, 2016, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and/or sale.[2]

58. **You may not object to the Settlement, Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.**

59. You may submit an objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objection unless (1) you first submit a written objection in accordance with the procedures described above, (2) you first submit your notice of appearance in accordance with the procedures described below, or (3) the Court orders otherwise.

---

[2] Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Documentation must also show that the FCA common stock was purchased or acquired on a U.S. Exchange.

60. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶55 above so that it is ***received* on or before __________, 2019**. Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

61. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶55 above so that the notice is ***received* on or before _____________, 2019**.

62. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

63. If you purchased or otherwise acquired FCA common stock on a U.S. Exchange between November 3, 2014 and July 26, 2016, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses (and e-mail addresses, if available) of all such beneficial owners to *Fiat*

*Chrysler Automobiles Securities Litigation Settlement*, c/o JND Legal Administration, P.O. Box 91245, Seattle, WA 98111-9345. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.FiatSecurtiesLitigationSettlement.com, by calling the Claims Administrator toll-free at 1-833-291-1644, or by emailing the Claims Administrator at info@FiatSecuritiesLitigationSettlement.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

64. This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.FiatSecuritiesLitigationSettlement.com. More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://www.mied.uscourts.gov, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Eastern District of Michigan, Federal Building and U.S. Courthouse, 600 Church Street, Room 102, Flint, MI 48502. Additionally, copies of any related orders entered by the Court will be posted on the website for the Settlement, www.FiatSecuritiesLitigationSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Fiat Chrysler Automobiles Securities Litigation*
c/o JND Legal Administration
P.O. Box 91245
Seattle, WA 98111-9345
1-833-291-1644
info@FiatSecuritiesLitigationSettlement.com
www.FiatSecurtiesLitigationSettlement.com

and/or

Gregory M. Castaldo
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

E. Powell Miller
The Miller Law Firm, P.C.
950 West University Drive, Suite 300
Rochester, MI 48307

**PLEASE DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: __________, 2019

By Order of the Court
United States District Court
Eastern District of Michigan

# APPENDIX A

## Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants

The Plan of Allocation set forth herein is the plan that is being proposed to the Court for approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Settlement Class. Any Orders regarding a modification of the Plan of Allocation will be posted on the website for the Settlement, www.FiatSecuritiesLitigationSettlement.com. The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan of Allocation.

The objective of the proposed Plan of Allocation is to equitably distribute the Net Settlement Fund among those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Consolidated Complaint, as opposed to economic losses caused by market or industry factors. To that end, Lead Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the per share price of FCA common stock on U.S. exchanges over the course of the Class Period that was allegedly proximately caused by Defendants' alleged materially false and misleading misrepresentations and omissions. In calculating the estimated artificial inflation allegedly caused by those misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in FCA common stock in reaction to public disclosures that allegedly corrected the respective alleged misrepresentations and omissions. The calculations made pursuant to the Plan of Allocation, however, do not represent a formal damages analysis that has been adjudicated in the Action and are not intended to measure the amounts that Settlement Class Members would recover after a trial. Nor are these calculations intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. Accordingly, to have a "Recognized Loss

Amount" pursuant to the Plan of Allocation, a person or entity must have purchased or otherwise acquired the publicly traded common stock of FCA common stock on a U.S. Exchange during the Class Period (i.e., between November 3, 2014 and July 26, 2016, inclusive) and ***held such common stock through*** at least one of the alleged corrective disclosures that removed alleged artificial inflation related to that information. To that end, Lead Plaintiffs' damages expert has identified four dates on which alleged artificial inflation was removed from the price of FCA common stock in reaction to alleged corrective information being disclosed to the market: January 14, 2016, July 18, 2016, July 19, 2016, and July 27, 2016.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

1. For purposes of determining whether a Claimant has a "Recognized Claim," purchases, acquisitions, and sales of FCA common stock will first be matched on a First In, First Out ("FIFO") basis as set forth in ¶ 6 below.

2. A "Recognized Loss Amount" will be calculated as set forth below for each share of FCA common stock purchased or otherwise acquired on a U.S. Exchange between November 3, 2014 and July 26, 2016, inclusive, that is listed in the Claim Form and for which adequate documentation is provided. **Please Note**: Only purchases or other acquisitions of the publicly traded common stock of FCA ***on a U.S. Exchange*** are eligible to participate in the Settlement. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

3. For each share of FCA common stock purchased or otherwise acquired on a U.S. Exchange between November 3, 2014 and July 26, 2016, inclusive, and sold on or before October 24, 2016,[3] an "Out of Pocket Loss" will be calculated. Out

---

[3] October 24, 2016 is the last day of the 90-day period subsequent to the end of the Class Period, i.e., July 26, 2016 (the "90-day look-back period;" the period of July 27, 2016 through October 24, 2016). A Settlement Class Member's Recognized Loss Amount cannot, under the PSLRA, exceed the difference between the purchase price paid for the FCA common stock and the average price of FCA common stock during the 90-day look-back period if the common stock was held through October 24, 2016, the end of this period. Losses on FCA common stock purchased/acquired during the period between November 3, 2014 and July 26, 2016, inclusive, and sold during the 90-day look-back period cannot exceed the difference between the purchase price paid for the FCA common stock and the average price of FCA common stock during the

of Pocket Loss is defined as the per-share purchase/acquisition price (excluding all fees, taxes, and commissions) *minus* the per-share sale price (excluding all fees, taxes, and commissions).[4] To the extent that the calculation of an Out of Pocket Loss results in a negative number, that number shall be set to zero.

4. A Claimant's Recognized Loss Amount per share of FCA common stock purchased or otherwise acquired on a U.S. Exchange during the Class Period will be calculated as follows:

A. For each share of FCA common stock purchased or otherwise acquired during the Class Period and subsequently sold prior to the opening of trading on January 14, 2016, the Recognized Loss Amount is $0.

B. For each share of FCA common stock purchased or otherwise acquired during the Class Period and subsequently sold after the opening of trading on January 14, 2016 and prior to the close of trading on July 26, 2016, the Recognized Loss Amount shall be ***the lesser of***:

(i) the dollar amount of alleged artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below *minus* the dollar amount of alleged artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below;[5] or

(ii) the Out of Pocket Loss.

---

portion of the 90-day look-back period elapsed as of the date of sale (the "90-Day look-back value"), as set forth in **Table 2** below.

[4] On January 3, 2014, FCA announced the completion of the spinoff of its stake in Ferrari. The Claims Administrator will multiply unadjusted FCA share prices prior to 2016 by 100/152 in order to account for the spinoff and use comparable prices throughout the Class Period in calculating each Out of Pocket Loss.

[5] Given that the allegedly corrective disclosure on July 18, 2016 occurred during trading hours, for purposes of this Plan of Allocation, the Claims Administrator will assume that any shares of FCA common stock purchased/acquired or sold on July 18, 2016 for a price less than $6.75 per share occurred *after* the corrective information was released to the market, and any shares of FCA common stock purchased/acquired or sold on July 18, 2016 for a price equal to or greater than $6.75 per share occurred *prior* to the release of the corrective information.

C. For each share of FCA common stock purchased or otherwise acquired during the Class Period and subsequently sold after the close of trading on July 26, 2016 and prior to the close of trading on October 24, 2016 (i.e., the last day of the 90-day look-back period), the Recognized Loss Amount shall be ***the least of***:

(i) the dollar amount of alleged artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1**;

(ii) the purchase/acquisition price of each such share (excluding all fees, taxes, and commissions) *minus* the 90-Day Look-back Value as set forth in **Table 2** below; or

(iii) the Out of Pocket Loss.

D. For each share of FCA common stock purchased or otherwise acquired during the Class Period and still held as of the close of trading on October 24, 2016 (i.e., the last day of the 90-day look-back period), the Recognized Loss Amount shall be ***the lesser of***:

(i) the dollar amount of alleged artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

(ii) the purchase/acquisition price of each such share (excluding all fees, taxes, and commissions) *minus* $6.57 (the average closing price of FCA common stock during the 90-day look-back period (i.e., July 27, 2016 through October 24, 2016), as shown on the last line in **Table 2** below).

## ADDITIONAL PROVISIONS

5. The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶10 below) is $10.00 or greater.

6. If a Settlement Class Member has more than one purchase/acquisition or sale of FCA common stock on a U.S. Exchange during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period,

and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

7. Purchases/acquisitions and sales of FCA common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of FCA common stock during the Class Period, shall not be deemed a purchase, acquisition, or sale of these shares of FCA common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of FCA common stock unless (i) the donor or decedent purchased or otherwise acquired such shares of FCA common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of FCA common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

8. The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the FCA common stock. The date of a "short sale" is deemed to be the date of sale of FCA common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in FCA common stock, the earliest purchases or acquisitions during the Class Period shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

9. FCA common stock purchased or acquired on a U.S. Exchange is the only security eligible for recovery under the Plan of Allocation. FCA common stock purchased or acquired on foreign exchanges is not eligible to participate in the Settlement. Option contracts to purchase or sell FCA common stock also are not securities eligible to participate in the Settlement. With respect to FCA common stock purchased or sold on a U.S. Exchange through the exercise of an option, the purchase/sale date of the FCA common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option. Any Recognized Loss Amount arising from purchases of FCA common stock acquired during the Class Period through the exercise of an option on FCA common stock[6] shall be computed as provided for other purchases of FCA common stock in the Plan of Allocation.

[6] This includes (1) purchases of FCA common stock as the result of the exercise of a call option, and (2) purchases of FCA common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

10. The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

11. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

12. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Lead Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Plaintiff Releasees or Defendant Releasees, the Claims Administrator, or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiffs, Defendants, and their respective counsel, and all other Defendant Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims

Administrator; the payment or withholding of Taxes or Tax Expenses; or any losses incurred in connection therewith.

**TABLE 1**
**Estimated Alleged Artificial Inflation in FCA common stock**

| From | To | Estimated Alleged Artificial Inflation Per Share |
|---|---|---|
| 11/3/2014 | 1/13/2016 | $0.98 |
| 1/14/2016 | 7/18/2016 (prior to the release of the corrective information)[7] | $0.70 |
| 7/18/2016 (after the release of the corrective information)[8] | 7/18/2016 | $0.64 |
| 7/19/2016 | 7/26/2016 | $0.55 |

**TABLE 2**
**FCA common stock 90-Day Look-back Value by Sale/Disposition Date**

| Sale Date | 90-Day Look-back Value | Sale Date | 90-Day Look-back Value |
|---|---|---|---|
| 7/27/2016 | $6.70 | 9/12/2016 | $6.75 |
| 7/28/2016 | $6.54 | 9/13/2016 | $6.74 |
| 7/29/2016 | $6.50 | 9/14/2016 | $6.73 |

[7] As noted in footnote 2 above, for purposes of the Plan of Allocation, the Claims Administrator will assume that any shares of FCA common stock purchased/acquired or sold on July 18, 2016 for a price ***equal to or greater than $6.75*** per share occurred ***prior*** to the release of the corrective information.

[8] As noted in footnote 2 above, for purposes of the Plan of Allocation, the Claims Administrator will assume that any share of FCA common stock purchased/acquired or sold on July 18, 2016 for a price ***less than $6.75*** per share occurred ***after*** the corrective information was released to the market.

**TABLE 2**

**FCA common stock 90-Day Look-back Value by Sale/Disposition Date**

| Sale Date | 90-Day Look-back Value | Sale Date | 90-Day Look-back Value |
|---|---|---|---|
| 8/1/2016 | $6.46 | 9/15/2016 | $6.72 |
| 8/2/2016 | $6.38 | 9/16/2016 | $6.71 |
| 8/3/2016 | $6.42 | 9/19/2016 | $6.71 |
| 8/4/2016 | $6.43 | 9/20/2016 | $6.70 |
| 8/5/2016 | $6.47 | 9/21/2016 | $6.69 |
| 8/8/2016 | $6.51 | 9/22/2016 | $6.69 |
| 8/9/2016 | $6.54 | 9/23/2016 | $6.68 |
| 8/10/2016 | $6.57 | 9/26/2016 | $6.67 |
| 8/11/2016 | $6.60 | 9/27/2016 | $6.66 |
| 8/12/2016 | $6.62 | 9/28/2016 | $6.65 |
| 8/15/2016 | $6.65 | 9/29/2016 | $6.64 |
| 8/16/2016 | $6.66 | 9/30/2016 | $6.63 |
| 8/17/2016 | $6.67 | 10/3/2016 | $6.63 |
| 8/18/2016 | $6.68 | 10/4/2016 | $6.62 |
| 8/19/2016 | $6.68 | 10/5/2016 | $6.62 |
| 8/22/2016 | $6.68 | 10/6/2016 | $6.62 |
| 8/23/2016 | $6.69 | 10/7/2016 | $6.62 |
| 8/24/2016 | $6.70 | 10/10/2016 | $6.62 |
| 8/25/2016 | $6.71 | 10/11/2016 | $6.61 |
| 8/26/2016 | $6.71 | 10/12/2016 | $6.61 |
| 8/29/2016 | $6.72 | 10/13/2016 | $6.60 |
| 8/30/2016 | $6.73 | 10/14/2016 | $6.60 |
| 8/31/2016 | $6.73 | 10/17/2016 | $6.59 |
| 9/1/2016 | $6.74 | 10/18/2016 | $6.59 |
| 9/2/2016 | $6.74 | 10/19/2016 | $6.58 |
| 9/6/2016 | $6.74 | 10/20/2016 | $6.58 |
| 9/7/2016 | $6.75 | 10/21/2016 | $6.57 |
| 9/8/2016 | $6.75 | 10/24/2016 | $6.57 |

**TABLE 2**

**FCA common stock 90-Day Look-back Value by Sale/Disposition Date**

| Sale Date | 90-Day Look-back Value | Sale Date | 90-Day Look-back Value |
|---|---|---|---|
| 9/9/2016 | $6.75 | | |

**EXHIBIT A-2**

***Fiat Chrysler Automobiles Securities Litigation Settlement***
**c/o JND Legal Administration**
**P.O. Box 91245**
**Seattle, WA 98111-9345**

**Toll-Free Number: 1-833-291-1644**
**Email: info@FiatSecuritiesLitigationSettlement.com**
**Website: www.FiatSecuritiesLitigationSettlement.com**

# PROOF OF CLAIM AND RELEASE FORM

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE PROPOSED SETTLEMENT, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND MAIL IT BY PREPAID, FIRST-CLASS MAIL TO THE ABOVE ADDRESS, OR SUBMIT IT ONLINE AT WWW.FIATSECURITIESLITIGATIONSETTLEMENT.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____________, 2019**.

FAILURE TO SUBMIT YOUR CLAIM FORM BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECOVER ANY MONEY IN CONNECTION WITH THE PROPOSED SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THE ACTION, OR THEIR COUNSEL. SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE, OR ONLINE AT WWW.FIATSECURITIESLITIGATIONSETTLEMENT.COM.**

**TABLE OF CONTENTS** — **PAGE #**

**PART I – GENERAL INSTRUCTIONS** ___

**PART II – CLAIMANT INFORMATION** ___

**PART III – SCHEDULE OF TRANSACTIONS IN FIAT CHRYSLER AUTOMOBILES N.V. COMMON STOCK ON U.S. EXCHANGES** ___

**PART IV – RELEASE OF CLAIMS AND SIGNATURE** ___

## PART I – GENERAL INSTRUCTIONS

1. It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Fairness Hearing ("Notice") that accompanies this Claim Form, including the proposed Plan of Allocation set forth in the Notice ("Plan of Allocation"). The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the Releases described therein and provided for herein.

2. This Claim Form is directed to all persons and entities who purchased or otherwise acquired the publicly traded common stock of Fiat Chrysler Automobiles N.V. ("FCA") on a U.S. Exchange between November 3, 2014 and July 26, 2016, inclusive ("Class Period"), and were damaged thereby ("Settlement Class"). Certain persons and entities are excluded from the Settlement Class by definition as set forth in ¶20 of the Notice.

3. By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (*see* definition of Settlement Class contained in ¶20 of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4. **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5. Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of FCA common stock. On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of FCA common stock on a U.S. Exchange, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and**

**holding information during the requested time period may result in the rejection of your claim.**

6. **Please note:** Only the publicly traded common stock of FCA purchased or otherwise acquired ***on a U.S. exchange*** during the Class Period (*i.e.*, between November 3, 2014 and July 26, 2016, inclusive) is eligible under the Settlement. However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of FCA common stock during the period from July 27, 2016 through and including the close of trading on October 24, 2016, will be used for purposes of calculating loss amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase/acquisition information during the 90-day look-back period must also be provided. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

7. You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of FCA common stock set forth in the Schedule of Transactions in Part III of this Claim Form. The documentation submitted must show that the claimed FCA common stock was purchased or acquired on a U.S. Exchange. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in FCA common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8. All joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased or otherwise acquired FCA common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased or otherwise acquired FCA common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

9. **One Claim should be submitted for each separate legal entity**. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should

not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

10. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a) expressly state the capacity in which they are acting;

(b) identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the FCA common stock; and

(c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11. By submitting a signed Claim Form, you will be swearing that you:

(a) own(ed) the FCA common stock you have listed in the Claim Form; or

(b) are expressly authorized to act on behalf of the owner thereof.

12. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

14. **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation

and no distribution will be made to that Authorized Claimant.

15. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@FiatSecuritiesLitigationSettlement.com, or by toll-free phone at 1-833-291-1644, or you can visit the website maintained by the Claims Administrator, www.FiatSecuritiesLitigationSettlement.com, where copies of the Claim Form and Notice are available for downloading.

16. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the website for the Settlement, www.FiatSecuritiesLitigationSettlement.com, or you may email the Claims Administrator's electronic filing department at FCSSecurities@jndla.com. **Any file that is not in accordance with the required electronic filing format will be subject to rejection.** Only one claim should be submitted for each separate legal entity (*see* ¶9 above) and the ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* ¶8 above). No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at FCSSecurities@jndla.com to inquire about your file and confirm it was received.**

**IMPORTANT PLEASE NOTE: YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-833-291-1644.**

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City

State

Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)

Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (where securities were traded)[1]:

Claimant Account Type (check appropriate box)

- ☐ Individual (includes joint owner accounts)
- ☐ Corporation
- ☐ IRA/401K
- ☐ Pension Plan
- ☐ Estate
- ☐ Other ___________________________ (please specify)
- ☐ Trust

[1] If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity you may write "multiple." Please see ¶9 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

## PART III – SCHEDULE OF TRANSACTIONS IN FIAT CHRYSLER AUTOMOBILES N.V. COMMON STOCK ON U.S. EXCHANGES

Complete this Part III if and only if you purchased or otherwise acquired FCA common stock on a U.S. Exchange during the period between November 3, 2014 and July 26, 2016, inclusive. Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶7, above. Do not include information regarding securities other than FCA common stock. **Please Note: Only FCA common stock purchased or otherwise acquired on a U.S. Exchange are eligible under this Settlement.**

| | |
|---|---|
| **1. HOLDINGS AS OF NOVEMBER 3, 2014** – State the total number of shares of FCA common stock on a U.S. Exchange held as of the opening of trading on November 3, 2014. (Must be documented.) If none, write "zero" or "0." ____________________ | Confirm Proof of Position Enclosed ○ |

**2. PURCHASES/ACQUISITIONS FROM NOVEMBER 3, 2014 THROUGH JULY 26, 2016, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of FCA common stock on a U.S. Exchange from after the opening of trading on November 3, 2014 through and including the close of trading on July 26, 2016. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

**3. PURCHASES/ACQUISITIONS FROM JULY 27, 2016 THROUGH OCTOBER 24, 2016** – State the total number of shares of FCA common stock purchased/acquired on a U.S. Exchange (including free receipts) from after the opening of trading on July 27, 2016 through and including the close of trading on October 24, 2016. (Must be documented.) If none, write "zero" or "0."[2] ____________________

[2] **Please note**: Information requested with respect to your purchases/acquisitions of FCA common stock from after the opening of trading on July 27, 2016 through and including the close of trading on October 24, 2016 is needed in order to perform the necessary calculations for your claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

| **4. SALES FROM NOVEMBER 3, 2014 THROUGH OCTOBER 24, 2016, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of FCA common stock on a U.S. Exchange from after the opening of trading on November 3, 2014 through and including the close of trading on October 24, 2016. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| **5. HOLDINGS AS OF OCTOBER 24, 2016** – State the total number of shares of FCA common stock on a U.S. Exchange held as of the close of trading on October 24, 2016. (Must be documented.) If none, write "zero" or "0." ________________ | | | | Confirm Proof of Position Enclosed ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class member, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (including Unknown Claims) against the Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Plaintiffs' Claims.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the claimant(s) is a (are) member(s) of the Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3. that the claimant has **not** submitted a request for exclusion from the Settlement Class;

4. that I (we) own(ed) the FCA common stock identified in the Claim Form and have not assigned the claim against Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5. that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of FCA common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6. that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the Releases set forth herein;

7. that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8. that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9. that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10. that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

______________________________________________

Signature of claimant                                        Date

______________________________________________

Print claimant name here

______________________________________________

Signature of joint claimant, if any                                        Date

______________________________________________

Print joint claimant name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

______________________________________________________________________________

Signature of person signing on behalf of claimant Date

______________________________________________________________________________

Print name of person signing on behalf of claimant here

______________________________________________________________________________

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – *see* ¶10 on page __ of this Claim Form.)

# REMINDER CHECKLIST

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.
2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.
3. Do not highlight any portion of the Claim Form or any supporting documents.
4. Keep copies of the completed Claim Form and documentation for your own records.
5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-833-291-1644.**
6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.
7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@FiatSecuritiesLitigationSettlement.com, or by toll-free phone at 1-833-291-1644 or you may visit www.FiatSecuritiesLitigationSettlement.com. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE AT WWW.FIATSECURITITESLITIGATIONSETTLEMENT.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN ________________, 2019.** IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Fiat Chrysler Automobiles Securities Litigation Settlement*
c/o JND Legal Administration
P.O. Box 91245
Seattle, WA 98111-9345

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before ______________, 2019, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

**EXHIBIT A-3**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| CARL PALAZZOLO and ALBERT FERRANDI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FIAT CHRYSLER AUTOMOBILES N.V., SERGIO MARCHIONNE, RICHARD K. PALMER, and REID BIGLAND,<br><br>Defendants. | Case No. 4:16-cv-12803-LVP-SDD<br><br>Hon. Linda V. Parker |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING**

**TO: All persons and entities who purchased or otherwise acquired the publicly traded common stock of Fiat Chrysler Automobiles N.V. on a U.S. exchange between November 3, 2014 and July 26, 2016, inclusive, and were damaged thereby (the "Settlement Class").**

Certain persons and entities are excluded from the Settlement Class as set forth in detail in the Stipulation and Agreement of Settlement dated January 31, 2019 ("Stipulation") and the Notice described below.

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

**ADDITIONAL INFORMATION ABOUT THE SETTLEMENT IS AVAILABLE ON THE SETTLEMENT WEBSITE, WWW.FIATSECURITIESLITIGATIONSETTLEMENT.COM.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Michigan ("Court"), that the above-captioned action ("Action") has been provisionally certified as a class action for the purposes of settlement only and that the parties to the Action have reached a proposed settlement for $14,750,000 in cash ("Settlement"), that, if approved, will resolve all claims in the Action. A hearing will be held on __________, 2019 at __:__ _.m., before the Honorable Linda V. Parker at the Federal Building and U.S. Courthouse, 600 Church Street, Flint, Michigan 48502, Courtroom 108, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the releases specified and described in the Stipulation (and in the Notice described below) should be entered; (iii) whether the Settlement Class should be certified for purposes of settlement; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the detailed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Fairness Hearing ("Notice") and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Fiat Chrysler Automobiles Securities Litigation Settlement*, c/o JND Legal Administration, P.O. Box 91245, Seattle, WA 98111-9345; 1-833-291-1644; info@FiatSecuritiesLitigationSettlement.com. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.FiatSecuritiesLitigationSettlement.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form ***postmarked (if mailed), or online*****, no later than _________, 2019**, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is ***received***

**no later than ________, 2019**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any releases, judgments or orders entered by the Court in the Action and you will not be eligible to share in the net proceeds of the Settlement. Excluding yourself is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are ***received*** **no later than _____________, 2019**, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to:

**Claims Administrator**

*Fiat Chrysler Automobiles Securities Litigation Settlement*
c/o JND Legal Administration
P.O. Box 91245
Seattle, WA 98111-9345
1-833-291-1644
info@FiatSecuritiesLitigationSettlement.com
www.FiatSecuritiesLitigationSettlement.com

Inquiries, other than requests for the Notice and Claim Form, may be made to Lead Counsel:

**Lead Counsel**

Gregory M. Castaldo, Esq.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road

E. Powell Miller, Esq.
The Miller Law Firm, P.C.
950 West University Drive, Suite 300

Radnor, PA 19087
1-610-667-7706
info@ktmc.com

Rochester, MI 48307
1-248-841-2200
info@millerlawpc.com

DATED: ___________ __, 2019

BY ORDER OF THE COURT
United States District Court
for the Eastern District of Michigan

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| CARL PALAZZOLO and ALBERT FERRANDI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FIAT CHRYSLER AUTOMOBILES N.V., SERGIO MARCHIONNE, RICHARD K. PALMER, and REID BIGLAND,<br><br>Defendants. | Case No. 4:16-cv-12803-LVP-SDD<br><br>Hon. Linda V. Parker |

**[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, a putative securities class action is pending in this Court entitled *Palazzolo, et al. v. Fiat Chrysler Automobiles N.V., et al.*, Case No. 4:16-cv-12803-LVP-SDD (the "Action");

WHEREAS, Lead Plaintiffs Carl Palazzolo and Albert Ferrandi, on behalf of themselves and the other members of the Settlement Class (as defined below), and defendants Fiat Chrysler Automobiles N.V. ("FCA" or the "Company"), Richard K. Palmer and Reid Bigland (collectively, the "Signatory Defendants," and, together with Lead Plaintiffs, on behalf of themselves and the other members of the Settlement Class, the "Parties") have entered into the Stipulation and Agreement of

Settlement dated January 31, 2019 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms used herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated __________ __, 2019 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) provisionally certified the Settlement Class solely for the purpose of effectuating the Settlement; (c) directed that notice of the proposed Settlement be provided to Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on __________ __, 2019 (the "Settlement Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court, having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on January 31, 2019; and (b) the Notice and the Summary Notice, both of which were filed with the Court on __________ __, 2019.

3. **Certification of the Settlement Class for Purposes of Settlement** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finally certifies, solely for purposes of effectuating the Settlement, this Action as a class action on behalf of a Settlement Class — defined as all persons and entities who purchased or otherwise acquired the publicly traded common stock of FCA on a U.S. Exchange between November 3, 2014 and July 26, 2016, inclusive, and were damaged thereby. Excluded from the Settlement Class are (i) Defendants; (ii) present and former directors or executive officers of the Company; (iii) any of

Defendants' Immediate Family members; (iv) any of the foregoing individuals' or entities' legal representatives, heirs, successors, or assigns; and (v) any entity in which any Defendant has a controlling interest, or which is related to or affiliated with any of the Defendants. Also excluded from the Settlement Class are any persons and entities who or which timely and properly excluded themselves from the Settlement Class by submitting a request for exclusion, as listed on the attached Exhibit 1.

4. The Court finds that the proposed Settlement is fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), having considered and found that:

a. Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class;

b. the proposal was negotiated at arm's length;

c. the relief provided for the Settlement Class is adequate, having taken into account:

(1) the costs, risks, and delay of trial and appeal;

(2) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; and

(3) the terms of any proposed award of attorney's fees, including timing of payment.

5. Lead Plaintiffs are hereby appointed, for purposes of effectuating the Settlement only, as representatives for the Settlement Class for purposes of Federal Rule of Civil Procedure 23. Kessler Topaz Meltzer & Check, LLP and The Miller Law Firm, P.C., which were appointed by the Court to serve as Lead Counsel, are hereby appointed, for settlement purposes only, as counsel for the Settlement Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

6. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all persons and

entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

7. **CAFA** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

8. [**Objections** – The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.]

9. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. The Parties are directed to

implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

10. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

11. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

12. **Releases and Bars** – The Releases set forth in paragraphs 5 through 7 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the

other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Plaintiffs' Claims.

(b) Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, Signatory Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Plaintiffs' Releasees, and shall forever be barred and enjoined from

commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Defendants' Claims.

13. Notwithstanding paragraphs 12(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

14. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

15. **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants or Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or Defendants'

Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants or the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against Lead Plaintiffs or any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Lead Plaintiffs or any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants or Defendants' Releasees had meritorious defenses, or that damages recoverable under the Consolidated Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Lead Plaintiffs or any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; ***provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.***

16. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

17. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

18. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Signatory Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and Signatory Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

19. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, Settlement Class Members, and Defendants, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective positions in the Action as of the date immediately prior to the execution of the Stipulation. Except as otherwise provided in the Stipulation, in the event the Settlement is terminated in its entirety or if the Effective Date fails to occur for any reason, the balance of the Settlement Fund including interest accrued therein, less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes and Tax Expenses paid, due,

or owing, shall be returned to FCA (or such other persons or entities as FCA may direct), in accordance with the Stipulation.

20. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this __________ day of ____________________, 2019.

______________________________
LINDA V. PARKER
U.S. DISTRICT JUDGE